# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Tamika M Wilson**<br>   Debtor<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing<br>   Movant<br>v.<br>**Tamika M Wilson**<br>   Debtor/Respondent<br>WILLIAM C. MILLER, Esquire<br>   Trustee/Respondent | Bankruptcy No. 20-11525-amc<br><br>Chapter 13<br><br>Hearing Date: January 12, 2021<br>Hearing Time: 11:00a.m.<br>Location: Courtroom 4 at Robert N.C. Nix Sr. Federal Courthouse<br>900 Market Street, Suite 204<br>Philadelphia, PA 19107 |

## MOTION OF NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING TO FORECLOSE ON 1628 ASHURST ROAD, PHILADELPHIA, PENNSYLVANIA 19151

Secured Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Tamika M Wilson, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 11, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 29, 2003, Tamika M. Wilson executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $101,745.00 to GMAC Mortgage Corporation. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on February 5, 2004 in Document Number 50861096 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 1628 Ashurst Road, Philadelphia, Pennsylvania 19151 ("the Property").

6. The loan was lastly assigned to NewRez LLC d/b/a Shellpoint Mortgage Servicing and same was recorded with the Philadelphia County Recorder of Deeds on July 5, 2013, as Document Number 5266376. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No. 20), Debtor will be responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $770.07 which came due on September 1, 2020, October 1, 2020, November 1, 2020, and December 1, 2020, respectively. There is a suspense balance of $120.65.

9. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2.959.63 through December 31, 2020. See Exhibit "E".

10. The current unpaid principal balance due under the loan documents is approximately $91,555.44, as of December 14, 2020. Movant's total claim amount, itemized below, is

approximately $111,769.53.  See Exhibit "F."

| | |
|---|---|
| Principal Balance | $91,555.44 |
| Interest To 12/14/2020 | $7,276.39 |
| Fees | $6,788.81 |
| Funds owed by borrower | $6,239.79 |
| Funds owed to borrower | ($90.90) |
| Total to Payoff | $111,769.53 |

11. According to the Debtor(s)' schedules, the liquidation value of the property is $156,072.60.  A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property.  Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying

the automatic stay under 11 U.S.C. § 362(d) to permit NewRez LLC d/b/a Shellpoint Mortgage Servicing to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: December 16, 2020

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com